# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

vs.                                                                    Case No. 8:12-cv-1418-T-24EAJ

**JOHN DOES 1-13,**

    **Defendants.**

_____/

## ORDER

Before the court are Plaintiff's **Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference** (Dkt. 6) and Plaintiff's **Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference** (Dkt. 6 Ex. 1). Plaintiff Malibu Media, LLC ("Plaintiff") alleges direct and contributory copyright infringement against thirteen (13) unnamed Defendants ("John Doe Defendants") for unlawfully reproducing, distributing, performing, and displaying motion pictures ("Works") for which Plaintiff holds registered copyrights. Plaintiff seeks to subpoena the Internet Service Providers ("ISPs") of John Doe Defendants to ascertain their identities.

## Background

The Works are fifteen (15) adult films that Plaintiff registered with the U.S. Copyright Office in either 2011 or 2012. Plaintiff alleges that John Doe Defendants, without Plaintiff's consent or permission, used a BitTorrent[1] file sharing protocol to reproduce, distribute and otherwise infringe Plaintiff's copyrights in the Works. As a result, Plaintiff is seeking damages,

---

[1] BitTorrent is a peer-to-peer file sharing protocol that allows users to join a "swarm" of host computers to download and upload from each other simultaneously. (Dkt. 1 ¶¶ 17-18)

injunctive relief, and attorneys' fees and costs.  Plaintiff does not possess the names of the alleged infringers, but through a forensic investigation, it has identified the Internet Protocol ("IP") addresses involved in the conduct.  Plaintiff seeks leave to issue Rule 45 subpoenas to the ISPs to obtain identifying information for John Doe Defendants linked to those IP addresses, including their names, addresses, telephone numbers, email addresses, and Media Access Control ("MAC")[2] addresses.

### Good cause for expedited discovery

Discovery is normally prohibited before the Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).[3]  However, a court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause. See, e.g., Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., No. 8:08-cv-310-T-27-MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (applying good cause standard but denying expedited discovery where movant failed to show good cause).

In cases involving infringement via the internet, courts often determine good cause by balancing these factors:  (1) the concreteness of the plaintiff's prima facie case of infringement; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) the defendant's expectation of privacy.  See Arista Records v. Doe 3, et al., 604 F.3d 110,

---

[2] The Media Access Control address is a number that identifies the specific computer or device used in the online communication.

[3] Federal Rule of Civil Procedure 26(d)(1) provides:
A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order. Fed. R. Civ. P. 26.

119 (2d Cir. 2010) (citing Sony Music Entm't v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D. N.Y. 2004)).

To assert a prima facie claim of copyright infringement, Plaintiff has to show that: (1) it owns a valid copyright in the works allegedly infringed; and (2) defendants copied protected elements from those works. See Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., 533 F.3d 1287, 1300 (11th Cir. 2008) (citation omitted). In this case, Plaintiff's registration of the Works serves as prima facie evidence of the validity of its copyrights. 17 U.S.C. § 410(c). Additionally, Plaintiff's forensic investigation indicates copying of the Works by John Doe Defendants; thus, Plaintiff has made a prima facie showing of copyright infringement.

Plaintiff has identified John Doe Defendants with specificity by providing the IP addresses, dates of the alleged infringement ("hit dates"), city, state, ISP, and network for each IP address. (Dkt. 1 Ex. 1) Because only ISPs can connect a given IP address with a named individual, Plaintiff has no other means to uncover John Doe Defendants' identities. (Dkt. 6 Ex. 1 at 7) Additionally, Plaintiff demonstrated a need for the discovery as it may lose the ability to pursue its infringement claims if it does not timely obtain John Doe Defendants' identifying information because many ISPs retain their logs only for a limited time before destroying the information. (Id. at 3) Moreover, without identifying John Doe Defendants, Plaintiff cannot issue summonses and serve Defendants.[4] (Id. at 7). Accordingly, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

### Procedural protections

---

[4] Indeed, without participation by Defendants, a Rule 26(f) conference would be futile.

Still, there is a risk that Plaintiff's request for subscriber information could lead to non-infringing parties being identified and served as defendants because the person who pays for internet access at a given IP address may not be the same individual who engaged in the alleged infringing activity.[5]  As one court observed:

> By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

SBO Pictures, Inc. v. Does 1–3036, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted).  The sensitive subject matter at issue must be taken into consideration.  "It would be unrealistic to ignore the nature of plaintiffs' allegations – to wit: the theft of pornographic films – which distinguish these cases from garden variety copyright actions." In Re BitTorrent Adult Film Copyright Infringement Cases, Nos. 11-3995(DRH)(GRB), 12-1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *10 (E.D. N.Y. May 1, 2012).  The privacy interests of those who may be registered to the IP addresses in question, but who are not involved in downloading Plaintiff's works, cannot be ignored.  Even so, that is not a reason to deny Plaintiff access to the discovery sought because, without it, Plaintiff cannot proceed with its case.  However, certain procedural protections are warranted before any identifying information is made public.[6]

---

[5] Arguably, individuals have no privacy rights in the subscriber information that they voluntarily submit to an ISP, including their names, addresses, and phone numbers. CineTel Films, Inc. v. Does 1-1,052, No. JFM 8:11-cv-02438, 2012 WL 1142272, at *9 (D. Md. Apr. 4, 2012) (citation omitted).  That fact does not dispel the need for certain procedural protections, as explained above.

[6] For guidance, the Court has reviewed the procedural protections delineated in Malibu Media, LLC v. John Does 1-22, No. 12-cv-1074-T-23-AEP  (M.D. Fla. July 9, 2012) and In Re BitTorrent, 2012 WL 1570765 at *14.

Accordingly, and upon consideration, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Dkt. 6) is **GRANTED IN PART** and **DENIED IN PART** to the extent provided in this order.[7]

2. Plaintiff may serve each of the ISPs, as listed in Exhibit 1 attached to Plaintiff's Complaint (Dkt. 1 Ex. 1), with a Rule 45 subpoena commanding them to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each John Doe Defendant identified in the Complaint in this case to whom the ISP assigned an IP address. Plaintiff shall attach a copy of the Complaint (Dkt. 1) and this Order to any subpoena issued pursuant to this Order.

3. The ISPs shall have twenty-one (21) days from service of the subpoena to notify John Doe Defendants that their identifying information is being sought pursuant to a Rule 45 subpoena. The ISPs shall provide a copy of this Order with the notification.

4. Each John Doe Defendant shall have fourteen (14) days from the date of notification to move to quash or otherwise object to Plaintiff's subpoena.

5. The ISPs shall produce the information sought to the Plaintiff no later than twenty-one (21) days after notification to each John Doe Defendant pursuant to paragraph three (3) above.

6. Plaintiff shall use the information obtained pursuant to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

7. Further, the parties shall adhere to the following procedures:

---

[7] Having reviewed Plaintiff's memorandum of law and proposed order, the Court declines to adopt the other provisions requested. Specifically, as to the request for subpoenas for any service providers other than the ISPs identified in the attachment to Plaintiff's Complaint, Plaintiff has not shown why such relief is necessary.

a.  In all written or oral communications with John Doe Defendants, Plaintiff's attorneys shall clearly identify themselves as representing Plaintiff and not representing the interests of the John Doe Defendant and that any statement made by the John Doe Defendant may be used against that Defendant. Plaintiff shall inform any John Doe Defendants who contacts Plaintiff of his/her right to hire legal counsel to represent them in this matter.[8]

b.  At any time, a John Doe Defendant who does not wish to be contacted by Plaintiff may inform Plaintiff by phone or send Plaintiff's counsel an e-mail addressed to copyright@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter."

c.  Plaintiff must notify in writing the John Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the John Doe Defendant at least fourteen (14) days prior to seeking issuance of a summons from the Clerk for the identified John Doe Defendant.

**DONE AND ORDERED** in Tampa, Florida, this 2nd day of August, 2012.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

---

[8] A civil litigant does not have an absolute right to appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id.